**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-20019
Summary Calendar
_____


UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

V.


JOSE J. GRAJALES,

        Defendant-Appellant


_____

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-91-CR-211-2
_____

October 1, 2001

Before DEMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    In 1992, a jury convicted Jose Grajales and other conspirators of drug-trafficking and money

laundering, and the district court judge sentenced Grajales to twenty years in prison. *See United

States v. Fierro*, 38 F.3d 761 (5th Cir. 1994). After a remand from this court, the district court

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

resentenced Grajales to life imprisonment, and we affirmed the life sentence.

In 1997, Grajales filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. He argued factual issues related to the sentencing guidelines and asserted ineffective assistance of counsel. The district court denied the motion and denied a certificate of appealability (COA). This court also denied a COA.

On October 3, 2000, Grajales filed a motion to adjust his sentence pursuant to 18 U.S.C. § 3582 and Amendment 500 to the sentencing guidelines. On October 17, 2000, Grajales filed a motion to set aside his sentence pursuant to Fed. R. Crim. P. 32(c)(3)(C). He argued that the district court judge improperly denied him allocution at his resentencing. The Government subsequently moved to dismiss the purported "Rule 32" motion as a successive writ and moved the district court to deny Grajales' motions.

In a single order, the district court denied Grajales' motions and granted the Government's motion to dismiss. Grajales now timely appeals the rulings made in that order.

1.      **Successive and Unauthorized 2255 Motion**

Grajales contests the district court's construction of his "Rule 32" motion as a successive § 2255 motion. Regardless of the label affixed to Grajales' motion, the motion collaterally attacked the constitutionality of his sentence as imposed by the district court and was properly construed as a § 2255 motion. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Because his "Rule 32" motion was properly construed as a successive § 2255 motion, Grajales was required to obtain this court's authorization to file it. 28 U.S.C. §§ 2244(b)(3)(A), 2255. Because he did not do so, the district court properly dismissed the motion for lack of jurisdiction, and its dismissal is AFFIRMED.

2

**2.      Motion to Adjust a Sentence under 18 U.S.C. § 3582(c)(2)**

Grajales contends that Amendment 500 to the sentencing guidelines clarified the standard for determining whether he was a manager or leader of the drug conspiracy of which he was convicted, and that under the new standard he could not be considered a manager or leader. As such, Grajales claims his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2).

Grajales' argument is without merit for two reasons. First, Amendment 500 took effect on November 1, 1993, prior to Grajales' resentencing in 1995. *See* U.S.S.G., App. C, Amendment 500. Accordingly, Grajales' § 3582(c)(2) motion is not based on a sentencing range that has "subsequently" been lowered by the Sentencing Commission. Second, even assuming arguendo that Grajales seeks to apply Amendment 500 to his original 1992 sentencing, Grajales' motion fails because Amendment 500 cannot be given retroactive effect.

Under § 3582 (c)(2), the district court may reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. S 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. S 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

3

U.S.S.G. S 1B1.10(a).

Application Note 1 to U.S.S.G. § 1B1.10 further provides that "[e]ligibility for consideration under 18 U.S.C. S 3582(c)(2) is triggered only by an amendment listed in subsection (c) [of U.S.S.G. § 1B1.10] that lowers the guideline range." Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, we have previously held that § 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(c). *See United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir.1995) (citing *United States v. Miller*, 903 F.2d 341, 349 (5th Cir.1990)). Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). Because Amendment 500 is not listed in U.S.S.G. § 1B1.10(c), that amendment cannot be given retroactive effect in the context of a § 3582(c)(2) motion, and thus Grajales is not entitled to a reduction in his sentence. *Id.* The district court's denial of the § 3582(c)(2) motion is therefore AFFIRMED.

DISMISSAL AFFIRMED; DENIAL AFFIRMED.