**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  95-50625

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

THOMAS DRATH; DANIEL DRATH

Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas

July 12, 1996

Before KING, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Thomas and Daniel Drath moved separately under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on a post-sentencing amendment to United States Sentencing Guidelines § 1B1.3.  See United States Sentencing Commission, Guidelines Manual, App. C at 314-22 (Nov. 1995) (hereinafter "U.S.S.G.").  The district court held the amendment was not to be applied retroactively in the context of a § 3582(c)(2) motion and, accordingly, denied both motions.  We affirm.

**I.**

Thomas Drath pleaded guilty to conspiracy to distribute and to possess with intent to distribute a controlled substance in

violation of 21 U.S.C. § 846 (count one) and to making false declarations on a federal income tax return in violation of 26 U.S.C. § 7206(1) (count nine). After granting a downward departure on motion of the Government, the district court sentenced Thomas in February of 1992 to concurrent terms of imprisonment of 97 months for count one and 36 months for count nine.

Daniel Drath pleaded guilty to conspiracy to distribute and to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (count one) and to failing to file a federal income tax return in violation of 26 U.S.C. § 7203 (count fifteen). After granting a downward departure on motion of the Government, the district court sentenced Daniel in February of 1992 to concurrent terms of imprisonment of 78 months for count one and 12 months for count fifteen.

Neither Thomas nor Daniel appealed his conviction or sentence. Instead, both filed 28 U.S.C. § 2255 motions to vacate, set aside, or correct their sentences, seeking retroactive application of an amendment to U.S.S.G. § 1B1.3 (i.e., Amendment 439), which became effective on November 1, 1992. Finding the claims not cognizable under § 2255, the district court denied the motions. Thomas and Daniel subsequently filed emergency motions asking the district court to consider their § 2255 motions as motions for modification of sentence under § 3582(c)(2). The district court granted these emergency motions, considered the merits of the § 3582(c)(2) motions, and concluded it lacked authority to apply Amendment 439 retroactively and to reduce the sentences. Thomas and Daniel

2

appealed.

**II.**

Thomas and Daniel argue that because Amendment 439 merely clarifies U.S.S.G. § 1B1.3, as opposed to substantively changing the section, they are entitled to retroactive application of the amendment. That "[Amendment 439] clarifies and more fully illustrates the operation of [§ 1B1.3]" is true. U.S.S.G. § 1B1.3, historical notes (1992 Amendments). See also United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993) (citing United States v. Evbuomwan, 992 F.2d 70, 74 n.1 (5th Cir. 1993)), certs. denied, -- U.S. __, 114 S.Ct. 1096, 1552 and 115 S.Ct. 282 (1994). Only on direct appeal, however, have we considered the effect of such a "clarifying" amendment not in effect at the time the offense was committed. See Maseratti, 1 F.3d at 340 (Amendment 439); Evbuomwan, 992 F.2d at 74 n.1 (same). See also United States v. Gross, 26 F.3d 552, 555 (5th Cir. 1994) (Amendment 500); United States v. Anderson, 5 F.3d 795, 802 (5th Cir. 1993) (proposed version of Amendment 478), cert. denied, __ U.S. __, 114 S.Ct. 1118 (1994); United States v. Peters, 978 F.2d 166, 170 (5th Cir. 1992) (Amendment 337); United States v. Nissen, 928 U.S. 690, 694-95 (5th Cir. 1991) (same); United States v. Aquilera-Zapata, 901 F.2d 1209, 1213-14 (5th Cir. 1990) (Amendment 78). When a defendant collaterally attacks his sentence by a § 3582(c)(2) motion based on a post-sentencing Guidelines amendment, the rule is otherwise.

Pursuant to § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been

3

subsequently lowered by the Sentencing Commission . . . , <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>." 18 U.S.C. § 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement)," which provides:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). <u>If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized</u>.

U.S.S.G. § 1B1.10(a), p.s. (emphasis added). Application Note 1 to U.S.S.G. § 1B1.10 makes it clear that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered <u>only by an amendment listed in subsection (c) [of U.S.S.G. § 1B1.10]</u> that lowers the guideline range." <u>Id</u>., comment. (n.1) (emphasis added). Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, we have held that "[§] 3582(c)(2) applies <u>only</u> to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d)."[1] <u>United States v. Whitebird</u>, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing <u>United States v. Miller</u>, 903 F.2d 341, 349 (5th Cir. 1990)). <u>See also</u> <u>United States v. Pardue</u>, 36 F.3d 429, 430 (5th

---

[1]Former subsection (c) of U.S.S.G. § 1B1.10 was deleted and former subsection (d) was redesignated subsection (c) by Amendment 504, effective November 1, 1994. U.S.S.G. App. C at 407-08.

4

Cir. 1994), <u>cert. denied</u>, __ U.S. __, 115 S.Ct. 1969 (1995). Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10(c), a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement. Because Amendment 439 is not listed in U.S.S.G. § 1B1.10(c), that amendment cannot be given retroactive effect in the context of a § 3582(c)(2) motion, and thus Thomas and Daniel are not entitled to a reduction in their sentences.

### III.

The decision to reduce a sentence pursuant to § 3582(c)(2) is within the sound discretion of the district court. <u>Whitebird</u>, 55 F.3d at 1009 (citing <u>United States v. Shaw</u>, 30 F.3d 26, 28 (5th Cir. 1994)). Thus, we review this determination for abuse of discretion. <u>Id</u>. (citing <u>Pardue</u>, 36 F.3d at 430). Based on the foregoing discussion, we cannot say the district court committed such abuse. Consequently, the district court's orders denying the § 3582(c)(2) motions of Thomas and Daniel Drath are AFFIRMED.