**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 96-4695

CODELL CHAVIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 96-4696

KENNETH FITZGERALD,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-92-303-G)

Submitted: August 26, 1997

Decided: October 10, 1997

Before HALL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina; Walter T. Johnson, Jr., Greensboro, North Carolina, for Appellants. Walter C. Holton, Jr., United States Attorney, Douglas Cannon, Assistant United States Attorney, Mark D. Boynton, Third-year Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In June 1993, Codell Chavis and Kenneth Fitzgerald were convicted together of conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846 (1994). Both received sentences of 235 months. The following year, Amendment 505 to the sentencing guidelines reduced the offense level applicable to their offense and the Sentencing Commission made the change retroactive. In 1996, after Fitzgerald moved for a sentence reduction under 18 U.S.C.A.§ 3582(c)(2) (West Supp. 1997), he and Chavis were resentenced together. The district court determined that their new guideline range was 188-235 months. Chavis and Fitzgerald also requested a downward departure under Application Note 14 to USSG § 2D1.1, [1] which was added by Amendment 485 after their original sentencing.[2] The amendment permits a limited departure for defendants with minor roles in high-volume drug offenses if certain conditions are satisfied. However,

_____

[1] U.S. Sentencing Guidelines Manual (Nov. 1995). Appellants were resentenced in August 1996.
[2] Amendment 485 went into effect on November 1, 1993. Initially, the amendment added Application Note 16 to USSG § 2D1.1. When Amendment 518 deleted two application notes, Application Note 16 became Application Note 14.

2

Amendment 485 is not listed in USSG § 1B1.10(c), p.s. as a retroactive amendment. The district court held that it lacked the authority to depart because the amendment was not retroactive, and imposed sentences of 188 months. The court expressed a willingness to depart if that option were available. Chavis and Fitzgerald appeal their sentences, contending that Amendment 485 is a clarifying amendment which can be applied retroactively and that the district court erred in finding that it lacked the authority to depart. We affirm.

Pursuant to § 3582(c)(2), the district court may reduce a sentence previously imposed when the sentencing range is later lowered by the Sentencing Commission "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The applicable policy statement is USSG § 1B1.10, which permits a sentence reduction when the defendant's guideline range has been lowered as a result of an amendment listed in subsection (c), but not otherwise. The commentary further states: "In determining the amended guideline range . . . the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." USSG § 1B1.10, comment. (n.2). Thus, the district court may consider a reduction in sentence pursuant to a collateral motion under § 3582(c)(2) only when an amendment is specifically made retroactive and is listed in USSG § 1B1.10(c). See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Appellants correctly point out that amendments which merely clarify the operation of existing guidelines, rather than introducing substantive changes, may be given retroactive effect. See United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3779 (U.S. May 20, 1996) (No. 95-7022). However, this rule applies in two circumstances only. First, when an amendment takes effect before a defendant is sentenced and an earlier version of the guidelines is used for sentencing. Id.; USSG § 1B1.11(b)(2). Second, when a clarifying amendment takes effect after sentencing while a defendant's direct appeal is pending. See Capers, 61 F.3d at 1109. Neither circumstance is present in these cases.

3

We therefore affirm the sentences imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4