**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4892

PAUL WINESTOCK, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-90-454)

Submitted: July 13, 1999

Decided: August 2, 1999

Before WILKINS, LUTTIG, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, LAW OFFICES OF WILLIAM B. PURPURA,
Baltimore, Maryland, for Appellant. Lynne A. Battaglia, United
States Attorney, John V. Geise, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a jury trial, Paul Winestock, Jr., was convicted on one count of distribution of cocaine base and one count of possession with intent to distribute cocaine. Under the sentencing guidelines in effect at the time of Winestock's initial sentencing, his initial base offense level was 42, based on a quantity of cocaine attributable to him in excess of fifteen kilograms, and his final base offense level was 46. Later, a retroactive amendment to the guidelines, Amendment 505, reduced the maximum base offense level for drug quantity to 38. See U.S. Sentencing Guidelines Manual § 1B1.10(c) (1994). Pursuant to 18 U.S.C.A. § 3582(c)(2) (West Supp. 1999), the district court resentenced Winestock. The amendment decreased Winestock's base offense level from 46 to 42 and the district court imposed a 360-month sentence, a lower sentence than the concurrent life terms Winestock initially received.

At the resentencing, Winestock sought a downward departure, arguing that he had demonstrated significant post-sentencing rehabilitation since his initial sentence. The district court declined to make such a departure, stating that, as a matter of law, it lacked the authority to do so. On appeal, Winestock argues that the district court erroneously concluded that it could not make the downward departure. We find no merit to his claim; consequently, we affirm.

Pursuant to 18 U.S.C.A. § 3582(c)(2), the district court may reduce a sentence previously imposed when the sentencing range later is lowered by the Sentencing Commission "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The applicable policy statement, U.S.S.G. § 1B1.10, permits a sentence reduction where the defendant's guideline range was lowered due to an amendment listed in subsection (c), but not otherwise. Thus, the district court may consider a reduction in sentence

2

pursuant to § 3582(c)(2) only where the relevant amendment specifically is made retroactive and is listed in U.S.S.G.§ 1B1.10(c). <u>See</u> U.S.S.G. § 1B1.10, comment. (n. 2); <u>United States v. Drath</u>, 89 F.3d 216, 217-18 (5th Cir. 1996). The district court correctly determined that a downward departure based on post-conviction rehabilitation was not available to Winestock. We need not consider whether he would have qualified for the reduction had it been available.

For these reasons, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3