IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10071
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR VILLA-FABELA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:97-CR-4-ALL-C
--------------------
June 18, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Oscar Villa-Fabela, federal prisoner #11366-006, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal reentry into the United States after deportation. Villa-Fabela asserts that he is entitled to a sentence reduction under Amendment 632, as that recent amendment to the sentencing guidelines retroactively

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applies to reduce U.S.S.G. § 2L1.2's enhancement for deportation following an aggravated felony conviction.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement, U.S.S.G. § 1B1.10, p.s. United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), p.s. Thus, an 18 U.S.C. § 3582(c)(2) sentence reduction based on Amendment 632 would not be consistent with the Sentencing Commission's policy statement. See id. at 218. Amendment 632 therefore cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion. See id.

In light of the foregoing, the district court lacked the authority to reduce Villa-Fabela's sentence pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th Cir. 1994). The district court's judgment denying Villa-Fabela's motion for reduction of sentence is AFFIRMED.