IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40470
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NICOLAS ROSALES-OROZCO,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-214-1
- - - - - - - - - - -
September 30, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:*

    Nicolas Rosales-Orozco (Rosales), federal prisoner #34000-198, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) & (b)(2).  Rosales argues that he is entitled to a sentence reduction under Amendment 632, because that recent amendment to the sentencing guidelines is merely a clarification

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and retroactively applies to reduce U.S.S.G. § 2L1.2's enhancement for deportation following an aggravated felony conviction.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement.  U.S.S.G. § 1B1.10, p.s.; United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 632 cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion because Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), p.s. and such an application would be inconsistent with the policy statement.  See Drath, 89 F.3d at 218.  Thus, the district court did not abuse its discretion in denying Rosales' motion for reduction of sentence.  United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999).  The judgment of the district court is AFFIRMED.