IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40580
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

IGNACIO MARTINEZ-TOVAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-110-01
--------------------
October 1, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

    Ignacio Martinez-Tovar ("Martinez"), federal prisoner # 82731-

079, appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for reduction of his sentence for attempted

illegal reentry into the United States after deportation.  Martinez

argues that he is entitled to a sentence reduction under Amendment

632 to the sentencing guidelines because the amendment clarified

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

U.S.S.G. § 2L1.2's enhancement for deportation following an aggravated felony conviction.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Section 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement, U.S.S.G. § 1B1.10.  See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), p.s.  Thus, an 18 U.S.C. § 3582(c)(2) sentence reduction based on Amendment 632 would not be consistent with the Sentencing Commission's policy statement.  See id. at 218.  Amendment 632 therefore cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion.  See id.

In light of the foregoing, the district court lacked the authority to reduce Martinez's sentence pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).  The district court's order denying Martinez's motion for reduction of sentence is AFFIRMED.