IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 02-10577
Summary Calendar

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER GARCIA-DAVILA,

Defendant-Appellant.

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-27-1-C

—————————

October 8, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Garcia-Davila, federal prisoner # 34312-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal reentry into the United States after deportation. He argues that Amendment 632 to the U.S. Sentencing Guidelines should be applied retroactively to reduce his offense level under U.S.S.G. § 2L1.2.

—————————

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For an amendment to the Sentencing Guidelines to be retroactive pursuant to § 3582(c)(2), it must be listed in U.S.S.G. § 1B1.10(c).[1]  Assuming *arguendo* that Amendment 632 subsequently lowered Appellant's sentencing range, it is not listed in U.S.S.G. § 1B1.10(c) and therefore is nonretroactive.

AFFIRMED.

---

[1] U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n. 1 (2001) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).