**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 02-50364
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR OCTAVIO MORALES-HINOJOSA,

Defendant-

Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CR-569-ALL-DB
--------------------------------------------------------------
October 28, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cesar Octavio Morales-Hinojosa ("Morales"), federal prisoner #80352-080, appeals the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal

reentry into the United States after deportation. Morales argues that he is entitled to a sentence

reduction under amendment 632 to the sentencing guidelines because the amendment clarified

U.S.S.G. § 2L1.2's adjustment for deportation following an aggravated felony conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement, U.S.S.G. § 1B1.10, p.s. *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 632 is not listed in U.S.S.G. § 1B1.10(c), p.s. Thus, an 18 U.S.C. § 3582(c)(2) sentence reduction based on amendment 632 would not be consistent with the Sentencing Commission's policy statement. *See id.* at 218. Amendment 632 therefore cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion. *See id.* The district court lacked the authority to reduce Morales's sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Lopez*, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).

Morales contends, for the first time on appeal, that his indictment violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by failing to allege all of the elements of his offense. Morales does not indicate what element he believes was omitted from the indictment. Morales may not raise his *Apprendi* contention for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999), *cert. denied*, 528 U.S. 1138 (2000).

AFFIRMED.