IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20359
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL QUINTERO-HERRERA, also known as Miguel Angel
Quintero-Guerrero,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-528-ALL
- - - - - - - - - -
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Quintero-Herrera, federal prisoner # 87580-079,
appeals the district court's denied of his 18 U.S.C. § 3582(c)(2)
motion to reduce his sentence.  Quintero-Herrera pleaded guilty
to illegal re-entry after having been convicted of an aggravated
felony in violation of 8 U.S.C. § 1326(a) & (b)(2), and in 2000
he was sentenced to 57 months of imprisonment and three years of
supervised release.  In February 2002, Quintero-Herrera moved for

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a reduction of his sentence based on Amendment 632, effective November 1, 2001, which amended U.S.S.G. § 2L1.2 to provide a more graduated sentencing enhancement where the deportation followed an aggravated felony conviction.

Quintero-Herrera argues on appeal that the district court abused its discretion in denying his 18 U.S.C. § 3582(c)(2) motion. He contends that U.S.S.G. § 1B1.10(b), p.s., required the district court, in determining whether a 18 U.S.C. § 3582(c)(2) reduction was warranted, to consider the sentence it would have imposed if the amendment to the guideline been in effect at the time the court imposed sentence. Subsection (b) provides (in pertinent part) that "the court should consider the term of imprisonment that it would have imposed had the *amendment(s) to the guidelines listed in subsection (c)* been in effect at the time the defendant was sentenced." § 1B1.10(b), p.s. (emphasis added). Amendment 632 is not listed in subsection (c). See § 1B1.10(c), p.s. Accordingly, the district court did not abuse its discretion by not considering the sentence it would have imposed if Amendment 632 had been in effect when Quintero-Herrera was sentenced originally.

Quintero-Herrera also asserts that the district court could have applied Amendment 632 retroactively, even though it is not listed in U.S.S.G. § 1B1.10(c), p.s., (1) because it is a clarifying amendment and (2) because his petition for writ of

certiorari was pending in the Supreme Court when Amendment 632 was enacted.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10, p.s., which is entitled "Retroactivity of Amended Guideline Range (Policy Statement)," provides that:

> [w]here a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.

§ 1B1.10(a), p.s.

Amendment 632 is not listed in § 1B1.10(c). See § 1B1.10(c), p.s. Thus, a § 3582(c)(2) sentence reduction based on Amendment 632 would not be consistent with the Sentencing Commission's policy statement and is not authorized. See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996). Amendment 632 therefore cannot be given retroactive effect in the context of a § 3582(c)(2) motion regardless whether it is makes substantive changes or is merely clarifying and even if Quintero-

Herrera's petition for writ of certiorari was pending in the Supreme Court when Amendment 632 was enacted.

Because Amendment 632 is not listed in § 1B1.10(c), p.s., the district court lacked the authority to reduce Quintero-Herrera's sentence pursuant to 18 U.S.C. § 3582(c)(2). See § 1B1.10(a), p.s. The district court's judgment is AFFIRMED.