IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10648
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO ALBERTO GOMEZ-NIETO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CR-86-1-C
--------------------
December 11, 2002

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Gomez-Nieto, federal prisoner number 34211-077, appeals the denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that Amendment 632 is a clarification of U.S.S.G. § 2L1.2 and should be applied retroactively. He further moves for appointment of counsel. The motion is DENIED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendments to the Sentencing Guidelines may not be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless they are specifically set forth in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001).  Amendment 632 is not listed in U.S.S.G. § 2B1.10(c) and therefore may not be applied retroactively under Gomez's motion.  See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996)(amendment not listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive effect in the context of a § 3582(c)(2) motion").

Gomez also contests the sufficiency of his indictment.  He alleges that it was insufficient for not listing a prior conviction as an element of his offense.  Such a claim is not cognizable in an 18 U.S.C. § 3582(c)(2) motion.  See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994)(Section 3582 motion is not the appropriate vehicle for raising issue other than retroactive application of subsequently lowered guideline range).  The district court did not abuse its discretion in denying Gomez's motion.  AFFIRMED.