IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50579
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIPE DE JESUS ANDAZOLA-QUEZADA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-1317-DB
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Felipe De Jesus Andazola-Quezada appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion. In that court he argued that § 2LI.2(b) of the 2001 version of the Sentencing Guidelines, as amended by Amendment 632, should be applied retroactively to his sentence.

Amendments to the Sentencing Guidelines may not be applied retroactively on a § 3582(c)(2) motion unless they are listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment 632 is not listed in § 1B1.10(c) and therefore may not be applied retroactively. See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) (amendment not listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive effect in the context of a § 3582(c)(2) motion"). The district court did not abuse its discretion when it denied Andazola-Quezada's § 3582(c)(2) motion.

Also without merit is Andazola-Quezada's Apprendi v. New Jersey, 530 U.S. 466 (2000), argument. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

AFFIRMED.