IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50901
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                  Plaintiff-Appellee,

versus

FRANCISCO SAVEDRA-CARBAJAL,

                                  Defendant-Appellant.
--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-00-CR-138-1-WWJ
--------------------
February 19, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Francisco Savedra-Carbajal, federal prisoner # 64670-008,
appeals from the district court's denial of his motion to reduce
his sentence pursuant to 18 U.S.C. § 3582(c)(2).  He argues that
amendment 632 entitles him a sentence reduction.

     Amendments may be applied retroactively under 18 U.S.C.
§ 3582(c)(2) only if they are listed in U.S.S.G. § 1B1.10(c).
U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001).  Amendment 632 is not
listed in § 1B1.10(c) and therefore may not be applied

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

retroactively. See § 1B1.10(c), p.s. (Nov. 2001); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).

The decision in United States v. Mena-Ramirez, No. 01-41314 (5th Cir. May 28, 2002) is not relevant to Savedra's case because Mena-Ramirez obtained relief while his direct appeal was pending. The retroactive effect of a clarifying amendment that is not listed in U.S.S.G. § 1B1.10(c) may be considered on direct appeal but may not be addressed in the context of a § 3582(c)(2) motion. See Drath, 89 F.3d at 217-18. As it lacked the authority to modify Savedra's sentence under § 3582(c)(2), the district court did not abuse its discretion in denying Savedra's motion, which was based on that provision.

Savedra argues for the first time on appeal that his indictment was insufficient under Apprendi v. New Jersey, 530 U.S. 466 (2000). That claim is not cognizable in a § 3582(c)(2) motion and thus is not subject to review. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.