United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20916
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS GOMEZ-ELVIR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-309-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Gomez-Elvir (Gomez), federal prisoner number 88307-079, appeals the denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that Amendment 632 is a clarification of U.S.S.G. § 2L1.2 and should be applied retroactively. In support of his position, he cites to two of this court's unpublished opinions. Neither case

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supports his proposition that Amendment 632 is retroactively applicable in a motion under 18 U.S.C. § 3582(c).

Amendments to the Sentencing Guidelines may not be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless they are specifically set forth in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001). Amendment 632 is not listed in U.S.S.G. § 1B1.10(c) and therefore may not be applied retroactively to Gomez's motion. See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996)(amendment not listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive effect in the context of a § 3582(c)(2) motion"). The district court did not abuse its discretion in denying Gomez's motion. AFFIRMED.