United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40433
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELROY JARAMILLO-CRUZ, also known
as Sergio Valente-Lopez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-00-CR-1104-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Elroy Jaramillo-Cruz (Jaramillo), federal prisoner # 94005-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal reentry into the United States in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Jaramillo argues that he is entitled to a sentence reduction under Amendment 632, because that recent amendment to the sentencing guidelines is merely a clarification

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and retroactively applies to reduce U.S.S.G. § 2L1.2's enhancement for deportation following an aggravated felony conviction.

Amendments may be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) only if they are specifically set forth in U.S.S.G. § 1B1.10(c).  U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001). Amendment 632 is not listed in § 1B1.10(c) and therefore may not be applied retroactively.  See § 1B1.10(c), p.s. (Nov. 2001); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).  The district court lacked the authority to modify Jaramillo's sentence under 18 U.S.C. § 3582(c)(2) and, thus, did not abuse its discretion in denying his motion under that provision.

AFFIRMED.