United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-51010
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FRANK PRINCIPE-ESPINOZA, also known
as Roberto Carlos Sanchez-Gutierez,
also known as Frank Principe,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-823-DB
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Frank Principe-Espinoza, federal prisoner # 14170-051,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2)

motion wherein he argued that the 2001 Sentencing Guidelines

version of U.S.S.G. § 2L1.2(b) should be applied retroactively to

his sentence under Amendment 632.

    Amendments to the Sentencing Guidelines may not be applied

retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

they are specifically set forth in U.S.S.G. § 1B1.10(c).

U.S.S.G. § 1B1.10(a), p.s. (Nov. 2001).  Amendment 632 is not

listed in U.S.S.G. § 1B1.10(c) and therefore may not be applied

retroactively under Principe-Espinoza's motion.  See United

States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996) (amendment not

listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive

effect in the context of a § 3582(c)(2) motion").  Accordingly,

the district court did not abuse its discretion when it denied

Principe-Espinoza's 18 U.S.C. § 3582(c)(2) motion.

AFFIRMED.