United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50859
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MIGUEL CARREON-PALACIO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-99-CR-644-2-FB
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Miguel Carreon-Palacio, federal prisoner # 19628-057,

is serving a 90-month sentence for possession with intent to

distribute marijuana.  He appeals from the denial of the order

denying him a reduction in sentence under 18 U.S.C. § 3582(c)(2).

He argues that Amendment 635 to the Sentencing Guidelines

clarified the law to allow for consideration of his mitigating

role under U.S.S.G. § 3B1.2 and should therefore be retroactively

applied to him.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

While we will consider the effect of "clarifying" amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18 U.S.C. § 3582(c)(2); "[E]ligibility for consideration under [18 U.S.C. § 3582(c)(2)] is triggered <u>only by an amendment listed in [U.S.S.G. § 1B1.10(c)] that lowers the guideline range</u>." <u>United States v. Drath</u>, 89 F.3d 216, 217-18 (5th Cir. 1996) (internal quotations and citation omitted). Amendment 635 is not listed in U.S.S.G. § 1B1.10(c); therefore, a reduction in sentence under 18 U.S.C. § 3582(c) is inconsistent with the Sentencing Commission's policy statement, and the amendment cannot be given retroactive effect. <u>See id</u>.

In light of the foregoing, the district court did not abuse its discretion.

AFFIRMED.