**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10114
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES BARRY SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-168-1-Y
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Barry Smith, federal prisoner # 27483-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for illegal possession of a firearm by a felon. Smith filed a timely notice of appeal. FED. R. APP. P. 26(a)(2) ("Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days."). Smith asserts that he is entitled to a sentence reduction under Amendment 645, as that recent amendment to the sentencing guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retroactively applies to U.S.S.G. § 5G1.3(c)'s determination of concurrent sentence calculation.

Pursuant to 18 U.S.C. § 3582(c)(2), a sentencing court may reduce a term of imprisonment "based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) applies only to amendments to the sentencing guidelines that operate retroactively, as set forth in subsection (c) of the applicable policy statement, U.S.S.G. § 1B1.10. United States v. Drath, 89 F.3d 216, 217-18 (5th Cir. 1996).

Amendment 645 is not listed in U.S.S.G. § 1B1.10(c).  Thus, an 18 U.S.C. § 3582(c)(2) sentence reduction based on Amendment 645 would not be consistent with the Sentencing Commission's policy statement.  See id. at 218.  Amendment 645 therefore cannot be given retroactive effect in the context of an 18 U.S.C. § 3582(c)(2) motion.  See id.

In light of the foregoing, the district court lacked the authority to reduce Smith's sentence pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).  The district court's judgment denying Smith's motion for reduction of sentence is AFFIRMED.