United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50518
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM YOUNG,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-37-1
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

William Young, federal prisoner number 56038-080, appeals the denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). He argues that Buford v. United States, 532 U.S. 59 (2001), clarified an amendment to U.S.S.G. § 4A1.2, comment. (n.3). He argues that under the clarification he would not have been eligible for the sentencing enhancement he received under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and its corresponding guideline provision at U.S.S.G. § 4B1.4(b)(3).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The amendment that Young argues was clarified by Buford is Amendment 382, effective November 1, 1991, which changed the language in U.S.S.G. § 4A1.2, comment. (n.3). Amendment 382 is not listed in U.S.S.G. § 1B1.10(c), and therefore may not be applied retroactively on Young's motion. See United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996). The denial of Young's 18 U.S.C. § 3582(c)(2) motion was not an abuse of the district court's discretion. Its order is AFFIRMED.