**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-7672**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JAMES EDWARD SMITH, a/k/a Smitty, a/k/a
Dumptruck Smitty,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge. (CR-90-71-R; CA-03-541-3)

─────────────

Submitted: January 29, 2004      Decided: February 9, 2004

─────────────

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

James Edward Smith, Appellant Pro Se.  Gurney Wingate Grant, II,
Assistant United States Attorney, Amy Eileen Pope, Special
Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Edward Smith appeals the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582 (2000). In 1991, a jury convicted Smith of five counts for his participation in a drug trafficking scheme. Smith's conviction was affirmed on direct appeal. In 1994, Smith's first 28 U.S.C. § 2255 (2000) motion was denied. In 2001, this court dismissed Smith's second 2255 motion as successive.

On May 23, 2003, Smith filed the instant action, requesting that his sentence be modified based upon Amendment 645 to the United States Sentencing Guidelines. However, Amendment 645 is not listed in U.S. Sentencing Guidelines Manual § 1B1.10 (2002), which allows for retroactive reductions of a sentence based upon amendments to the Guidelines. Accordingly, under the plain language of the guideline, the district court properly determined that a sentence reduction was not authorized. See USSG § 1B1.10, p.s.

Additionally, Smith's claim that the district court had the discretion to give retroactive effect to Amendment 645 as a clarifying amendment is also without merit. In this Circuit, clarifying amendments apply retroactively when the amendment takes place before sentencing, or while direct appeal is pending. See United States v. Capers, 61 F.3d 1100, 1109 (4th Cir. 1995); United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996). Because neither

of these conditions exist in this case, the district court correctly determined that it lacked the authority to grant Smith a sentence reduction. <u>Capers</u>, 61 F.3d at 1109.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>