**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-20559
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ZAMORA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-232-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Zamora, federal prisoner # 49902-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence, which was imposed following his 1990 convictions on multiple counts related to the distribution of cocaine and marijuana. Zamora argues that the subsequent amendment of certain sections of the United States Sentencing Guidelines should result in a reduction of his sentence. He asserts that some of these amendments were "clarifying" amendments, which can be applied retroactively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

regardless of whether the Guidelines specifically designate the amendment as retroactive.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. The district court may grant a reduction if consistent with the applicable policy statements issued by the Sentencing Commission. § 3582(c)(2). The Sentencing Commission has stated in U.S.S.G. § 1B1.10 that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). We review a district court's refusal to lower a defendant's sentence under § 3582(c)(2) for abuse of discretion. *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

Although Zamora argues that certain guidelines sections have been amended, he has not specified which amendments he is referring to or shown that these amendments apply retroactively. In addition, we have held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). *See Drath*, 89 F.3d at 217. Finally, Zamora has not shown that the district court was required to provide additional reasons to explain its denial of his motion. Accordingly, the district court did not abuse its discretion in denying Zamora's § 3582(c)(2) motion.

AFFIRMED.