**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20759
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HARRISON BENNETT, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2706
USDC No. 4:05-CR-449-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Harrison Bennett, Jr., federal prisoner # 56140-179, appeals the denial of his motion for reduction of sentence, which the district court construed as arising under 18 U.S.C. § 3582. Bennett was convicted following his guilty plea of one count of making a false statement in connection with an attempt to acquire a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The district court sentenced Bennett to 77 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In calculating Bennett's guidelines range of imprisonment under the United States Sentencing Guidelines, the district court attributed one criminal history point to Bennett on the basis of a conviction for illegal dumping, for which Bennett was sentenced to eight days of imprisonment. *See* U.S.S.G. § 4A1.2(c)(1) (2005). Bennett now seeks to obtain the benefit of a November 1, 2007, amendment to § 4A1.2(c)(1). U.S.S.G. supp. to app. C, amend. 709 (2008). Amendment 709 states that certain misdemeanors or petty offenses are counted for criminal history purposes only if the court imposed a sentence longer than one year of probation or at least thirty days of imprisonment. *Id.* Bennett contends that, under *United States v. Huff*, 370 F.3d 454, 465-66 (5th Cir. 2004), district courts may apply clarifying guidelines amendments retroactively. He argues that the Sentencing Commission intended with Amendment 709 to clarify § 4A1.2(c)(1) and to reduce overly harsh sentences rather than to substantively amend the guideline. Therefore, he asserts that the district court should have resentenced him without including the criminal history point for illegal dumping. He avers that, without that additional point, his criminal history category and his sentencing range would have been lower, resulting in a lower sentence. Bennett also asserts that, since he was sentenced originally, he has been diagnosed with prostate cancer, and that the district court would have considered a downward departure had it known of his diagnosis.

Because the district court construed Bennett's motion as arising under § 3582, Bennett does not need authorization to appeal the district court's denial of relief. *See* 28 U.S.C. § 2253. His motion for a certificate of appealability, therefore, is DENIED as unnecessary.

Although § 3582 permits modification of an imposed term of imprisonment if the applicable sentencing range has been subsequently lowered by the Sentencing Commission, it does so only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement of U.S.S.G. § 1B1.10 states that a reduction

to a defendant's term of imprisonment is authorized when an amendment to the Guidelines lowers the applicable guidelines range, but only when the amendment is listed in subsection (c) of the policy statement. U.S.S.G. § 1B1.10(a)(1) (2008). Section 1B1.10(c) does not list Amendment 709 as authorizing the reduction of a defendant's term of imprisonment under § 3582. This court has held that, except on direct appeal, an amendment, even if clarifying a guideline, is not retroactively applied unless the amendment is listed in § 1B1.10(c). *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

In light of *Drath*, Bennett has failed to show that the district court abused its discretion in denying him relief under § 3582. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The judgment of the district court is AFFIRMED.