# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2011

Lyle W. Cayce
Clerk

No.10-30985
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD A. DYER, also known as Blabber Dyer,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-57-5

Before BENAVIDES, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald A Dyer, federal inmate # 25959-034, seeks a certificate of appealability (COA) from the denial of relief under 18 U.S.C. § 3582(c)(2) or 28 U.S.C. § 2255 motion from his 400-month sentence for conspiracy to distribute heroin. A COA is not required to challenge the denial of § 3582 relief.

To obtain a COA, Dyer must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court has denied relief on the merits, to obtain a COA the petitioner must demonstrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dyer argues that § 3582(a) authorizes the district court to reduce a sentence when an amendment to the Guidelines has the effect of lowering a sentencing range. He also contends that § 1B1.11(b)(2), p.s., allows a district court to lower a sentence that has already been imposed when there is a subsequent clarifying amendment to the Guidelines. He argues that the district court erred when it declined to address his motion under § 1B1.11(b)(2), and he asks this court to determine whether Amendment 503 is clarifying or substantive.

Section 3582(a) does not authorize the district court to reduce a sentence but instructs the district court to consider the factors in 18 U.S.C. § 3553(a) in determining whether to impose a sentence and in determining the length of any such sentence. § 3582(a). The relief that Dyer seeks falls more properly under § 3582(c), which permits the district court to modify a sentence once it has been imposed, and under § 2255, which permits a prisoner to attack a sentence collaterally. *See* § 3582(c); § 2255. Dyer's argument that Amendment 503 to the Guidelines entitled him to a reduction in his sentence is not cognizable under § 2255 and fails to make the required showing. *See Slack*, 529 U.S. at 484. Nor does Dyer's argument entitle him to relief under § 3582(c)(2). *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

IT IS ORDERED a COA is DENIED; the denial of § 3582(c)(2) relief is AFFIRMED.