**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 16, 2018[*]
Decided January 31, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 17-2840 | |
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:07-cr-00012-WTL-DKL-14 |
| DUSTIN DECKER, | |
| *Defendant-Appellant.* | William T. Lawrence, |
| | *Judge.* |

**O R D E R**

On December 7, 2007, Dustin Decker was sentenced to a term of 235 months' imprisonment after pleading guilty to conspiring to distribute methamphetamine and possessing methamphetamine with the intent to distribute. We affirmed that sentence in 2009 after he appealed. Five years later, the U.S. Sentencing Commission implemented Amendment 782. The Amendment reduced the applicable Guidelines

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

range for drug trafficking offenses like Decker's and applied retroactively. Thereafter, the United States and Decker submitted a stipulation to the district court to reduce Decker's sentence pursuant to that amendment and 18 U.S.C. § 3582(c). The district court resentenced Decker to 188 months' imprisonment, a 47-month reduction.

Decker later sought a second retroactive reduction under § 3582(c)(2) based on Amendment 794. The district court denied the motion, reasoning that Amendment 794 is not retroactive under § 3582(c)(2). Decker appeals.

Section 3582(c)(2) provides that a court may modify a term of imprisonment even after it has been imposed if (1) the Sentencing Commission subsequently lowers the applicable sentencing range and (2) the reduction is consistent with any applicable policy statement from the Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10. A reduction in an already-imposed sentence is inconsistent with that statement if the amendment that grants the reduction is not listed in § 1B1.10(d). *See* § 1B1.10(a)(2). In other words, only those amendments listed in subsection (d) apply retroactively under § 3582(c)(2).

Amendment 794 is not listed in § 1B1.10(d). This omission dooms Decker's § 3582(c)(2) motion. We are not persuaded by his argument that we should nonetheless apply Amendment 794 retroactively because it is a clarifying amendment resolving a circuit split. "When a defendant collaterally attacks his sentence by a § 3582(c)(2) motion," rather than attacking it through a direct appeal or a § 2255 petition, the fact that the amendment is clarifying is irrelevant. *See, e.g., United States v. Drath*, 89 F.3d 216, 217–18 (5th Cir. 1996). Section 3582(c)(2) and its relevant policy statement require that an amendment be listed in § 1B1.10(d) to be given retroactive effect under § 3582. Because Amendment 794 is not listed, the judgment of the district court is AFFIRMED.