IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50704
Summary Calendar

_____

UNITES STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CASTELAN, JR.,
also known as Jose Carmen Castelan-Carbajal,
also known as Peter Garcia,
also known as Jose Castellan,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-109-ALL
--------------------
January 20, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Castelan, Jr., appeals the denial of his motion to modify his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Castelan argues that Amendment 632 clarifies U.S.S.G. § 2L1.1 and applies retroactively.

A district court may reduce a term of imprisonment under 18 U.S.C. § 3582(c)(2) when it is based upon a sentencing range that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

has subsequently been lowered by an amendment to the Guidelines, if the reduction is consistent with the policy statements issued by the Sentencing Commission. See United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). We review a district court's refusal to lower a defendant's sentence for abuse of discretion. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

Amendment 632 changed U.S.S.G. § 2L1.2, unlawfully entering the United States, to provide a more graduated sentencing enhancement of between 8 and 16 levels. See U.S.S.G. Appendix C, Supplement, amendment 632. In amending that guideline, the Commission changed the offense level from 16 to eight for a defendant who was previously deported after a conviction for a felony that was not an aggravated felony. Id.

Although this court may consider a clarifying amendment on direct appeal, neither this court nor the district court addressing a U.S.S.G. § 3582 motion may consider an amendment not listed in U.S.S.G. § 1B1.10(c), p.s. See United States v. Drath, 89 F.3d 216, 217 (5th Cir. 1996). The district court was correct that Amendment 632 was not listed in U.S.S.G. § 1B1.10, and, consequently, consideration of that amendment was not authorized. U.S.S.G. § 1B1.10(a) and (c).

Therefore, the district court lacked the authority to reduce Castelan's sentence pursuant to § 3582(c)(2), based on Amendment 632. See United States v. Lopez, 26 F.3d 512, 515 & n.3 (5th

Cir. 1994).  The district court's denial of Castelan's motion to modify sentence is AFFIRMED.