**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-11383
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

KENNETH EVANS,

Defendant-
Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-45-A
--------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Evans ("Evans"), federal inmate #24606-077, appeals the district court's denial of

his 18 U.S.C. § 3582 motion for a reduction in his life sentence. Evans was convicted of conspiracy

to distribute and possess with the intent to distribute cocaine base, possession with intent to distribute

and distribution of cocaine base, aiding and abetting the possession with intent to distribute and

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

distribution of cocaine base, and using or carrying a firearm during and in relation to a drug-trafficking crime. Evans argues that he was entitled to a sentence reduction based upon the retroactive application of Amendment 505 to U.S.S.G. § 2D1.1(c). Evans also argues that he is entitled to relief pursuant to Amendment 487 to the notes following U.S.S.G. § 2D1.1(c).

Reduction pursuant to 18 U.S.C. § 3582(c)(2) is discretionary, and this court reviews a district court's refusal to lower a defendant's sentence for an abuse of discretion. United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). In exercising its discretion, the district court should "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995) (quoting § 1B1.10(b) (internal citation omitted)).

Amendment 505, which does apply retroactively, amended U.S.S.G. § 2D1.1 to establish level 38 as the highest category of the drug quantity table. Evans contends that had Amendment 505 been in effect at the time of his sentencing, his base offense level would have been 41 and he would have faced a sentence of 10 years to life imprisonment. Because the district court gave due consideration to Evans' motion, the record, and the applicable authorities, and because in its two previous orders denying Evans' 18 U.S.C. § 3582(c)(2) motions the district court stated that had Amendment 505 been in effect at Evans' sentencing the court would have imposed the same sentence, the district court did not abuse its discretion in determining that Amendment 505 had no effect on Evans' sentence. See id. at 1010.

Amendments to the Sentencing Guidelines may not be applied retroactively upon a motion under 18 U.S.C. § 3582(c)(2) unless they are specifically set forth in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s. Amendment 487 is not listed in U.S.S.G. § 1B1.10(c) and therefore may not be

2

applied retroactively under Evans' motion. <u>See</u> <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996)(amendment not listed in U.S.S.G. § 1B1.10(c) "cannot be given retroactive effect in the context of a 18 U.S.C. § 3582(c)(2) motion").

AFFIRMED.