**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-40399
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE MANUEL TAMEZ-PLATA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:02-CR-165-ALL

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Tamez-Plata, federal prisoner # 98862-079, who is serving a sentence for a drug conviction, moves to proceed in forma pauperis (IFP) to appeal the district court's order denying his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c). The district court denied Tamez-Plata leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Tamez-Plata is challenging the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Tamez-Plata argues that he is entitled to have his sentence reduced pursuant to Amendment 709, which clarified which misdemeanor and petty offenses are counted in determining the defendant's criminal history points under U.S.S.G. § 4A1.2(c)(1). He argues that the application of the amendment would lower his sentencing guidelines range and that the district court should reconsider his advisory sentencing guidelines range in light of *United States v. Booker*, 543 U.S. 220 (2005), and the 18 U.S.C. § 3553(a) factors.

We review a district court's denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996). Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. *See* U.S.S.G. § 1B1.10(a); *Drath,* 89 F.3d at 218. The Sentencing Commission has stated in § 1B1.10(a) that unless an amendment is listed in § 1B1.10(c), a reduction based on the amendment under § 3582(c) is not consistent with the policy statement of § 1B1.10. *See* § 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in § 1B1.10(c). *See* § 1B1.10(c) (May 2008). Therefore, under the plain language of § 3582(c)(2), the district court correctly denied Tamez-Plata's motion. *See Drath*, 89 F.3d at 218.

Insofar as Tamez-Plata argues that he is entitled to a reduction of his sentence because Amendment 709 is a clarifying amendment, we have held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10(c). *See id.* at 217-18.

Tamez-Plata has not shown that the district court's determination that his appeal was not taken in good faith was incorrect. Accordingly, his request for

IFP is DENIED, *see Baugh*, 117 F.3d at 202 n.24, and his appeal is DISMISSED. *See* 5TH CIR. R. 42.2.