**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2011

No. 10-50907
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRACY DONNELL BOGARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-137-2

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tracy Donnell Bogard, federal prisoner # 56350-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 709 to the Sentencing Guidelines. Bogard pleaded guilty to controlled substance offenses and he was sentenced as a career offender to concurrent imprisonment terms of 240 and 292 months. He argues that Amendment 709 should apply retroactively, because it is a clarifying amendment that was effective only six

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

days after his initial appeal was decided. He contends that the amendment modified the method for calculating criminal history and, under the amendment, he does not qualify as a career offender.

By moving to proceed IFP, Bogard challenges the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, this court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted). If we determine that the appeal is frivolous, we may dismiss it sua sponte. *Baugh*, 117 F.3d at 202 n.24.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's interpretation or application of the Guidelines is reviewed de novo while its decision whether to reduce a sentence is reviewed for an abuse of discretion. *Id.* at 237.

The date of sentencing and, in some cases, the date of the offense, governs which version of the Guidelines is applicable. *See* U.S.S.G. § 1B1.11(a), (b)(1) (2010). The effective date of Amendment 709 was November 1, 2007, which was after Bogard's October 4, 2006, sentencing. *See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C*, Amendment 709, p. 241 (Nov. 1, 2010). Amendment 709 does not apply retroactively. *See* U.S.S.G. § 1B1.10 (a) & (c) (2010); *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996) (observing that amendments that are not listed in § 1B1.10(c) are not retroactive and explaining that except on direct appeal, a clarifying amendment is not to be applied retroactively, unless the amendment is listed in § 1B1.10(c)).

No. 10-50907

Because Amendment 709 does not apply retroactively, the district court did not err in determining that Bogard was ineligible for a § 3582(c)(2) reduction.

Bogard fails to address the district court's alternative ruling that even if Amendment 709 did apply retroactively, it would deny a sentence reduction due to Bogard's extensive and violent criminal history. He therefore has abandoned any challenge to this ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Bogard has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.