# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2011

Lyle W. Cayce
Clerk

No. 11-40677
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO FLORES-QUIRINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-833-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pedro Flores-Quirino, federal prisoner # 41569-179, proceeding pro se, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce the 37-month sentence imposed following his guilty plea conviction for being unlawfully present in the United States after previously having been removed. In his § 3582(c)(2) motion, Flores-Quirino argued that Amendment 742 to the Sentencing Guidelines, which changed the way in which criminal history points are calculated by eliminating

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

some recency points, should be applied retroactively to reduce his sentence. He also argued that the district court should consider a reduction of his sentence under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).

The district court determined that the Amendment 742 did not apply retroactively and denied Flores-Quirino's motion. The district court also denied Flores-Quirino leave to proceed IFP and certified that his appeal was not taken in good faith pursuant to Rule 24(a)(4)(B) of the Federal Rules of Appellate Procedure. Flores-Quirino now argues that the district court erred in concluding that the Amendment 742 could not be retroactively applied and that the district court failed to consider mitigating circumstances under § 3553(a) when determining whether to reduce his sentence.

By moving to proceed IFP, Flores-Quirino is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the litigant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

We review a district court's decision "whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citations omitted). Although Amendment 742 to the Sentencing Guidelines eliminated the two "recency points" previously provided by U.S.S.G. § 4A1.1(e), the amendment is not listed as a retroactive amendment in U.S.S.G. § 1B1.10(c). *See* § 1B1.10(a) & (c). Therefore, under the plain language of § 3582(c), the district court was not authorized to reduce Flores-Quirino's sentence based on Amendment 742 because that would have been inconsistent with Sentencing Commission policy. *See* § 1B1.10, comment. (n.1(A)); *see also United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).

No. 11-40677

Further, a district court is required to consider the § 3553(a) sentencing factors only if the court first determines that a prisoner is eligible for a sentence modification. *Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). Because the district court correctly determined that Flores-Quirino was not eligible under § 1B1.10 for a reduction under § 3582(c), the district court did not err by failing to determine whether the § 3553(a) sentencing factors warranted a reduction. *See id.* at 2691-92. Moreover, the Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2). *Dillon*, 130 S. Ct. at 2691-94; *United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.2009).

Flores-Quirino's appeal does not involve legal points arguable on their merits. Accordingly, his motion to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

MOTION FOR LEAVE TO PROCEED IFP DENIED; APPEAL DISMISSED.