# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-50750
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO ARROYO-JURADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1135-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Antonio Arroyo-Jurado (Arroyo), federal prisoner # 53302-180, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 740 to the Sentencing Guidelines, which authorizes a downward departure under U.S.S.G. § 2L1.2 on the basis of the defendant's cultural assimilation. He also moves for the appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Arroyo pleaded guilty to illegal reentry of the United States following deportation and was sentenced to a 60-month term of imprisonment. He argues that Amendment 740, although not listed in U.S.S.G. § 1B1.10, should apply retroactively because it is a clarifying amendment.

By moving to proceed IFP, Arroyo challenges the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). "An investigation into the [IFP] movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Rather, this court's inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Id.* (quotation marks and citation omitted). If we determine that the appeal is frivolous, we may dismiss it sua sponte. *Baugh*, 117 F.3d at 202 n.24.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's interpretation or application of the Guidelines is reviewed de novo while its decision whether to reduce a sentence is reviewed for an abuse of discretion. *Id.*

"[E]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10* that lowers the guideline range." *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (brackets omitted) (quoting § 1.B1.10 (comment. (n.1.), and adding emphasis). Amendment 740 is not listed in § 1B1.10, and thus does not apply retroactively for purposes of a § 3582(c)(2) motion. *See id.* This is true even if Amendment 740 is considered a clarifying amendment. *See id.* at 217-18.

Arroyo has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard,* 707 F.2d at 220. Accordingly, his IFP motion is DENIED. His

motion for the appointment of counsel on appeal is also DENIED. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); *cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008). Because Arroyo's appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.