**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2012

No. 11-60418

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BYRON LAKEITH WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CR-54-2

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant - Appellant Byron Lakeith Williams brings this appeal after the district court denied Williams's motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Williams sought a recalculation of his base offense level under the United States Sentencing Guidelines in light of amendments modifying the Guidelines' treatment of cocaine base. The factual findings at Williams's sentencing made him responsible for enough cocaine base that he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60418

not eligible for a reduced sentence under the amended Guidelines. We therefore AFFIRM.

We review a district court's denial of a motion to reduce a sentence under § 3582(c)(2) for abuse of discretion. *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995). We review the district court's interpretation of the Guidelines de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Section 3582(c)(2) permits recalculation of a convicted defendant's sentence under Guidelines amendments that are given retroactive effect:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) and the applicable policy statements in the Guidelines t establish a two-step process for district courts to use when considering a sentence reduction. *Dillon v. United States*, ⸺ U.S. ⸺, 130 S. Ct. 2683, 2691 (2010).[1] First, the district court must determine if the defendant is eligible for a reduced sentence by determining whether the applicable sentencing range would have been different if the amended guideline ranges had been in effect when the defendant was sentenced. *Id.*; U.S.S.G. §1B1.10(b)(1) (Nov. 2011). This does not entail revisiting the factual determinations made at sentencing. U.S.S.G. §1B1.10(b)(1) (Nov. 2011); s*ee also Dillon*, 130 S. Ct. at 2690-91; *United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011) (defendant may not, in a § 3582(c)(2) proceeding, challenge the drug quantity found by the sentencing judge). In this case, the district court concluded that

_____

[1] The applicable policy statements are found in §1B1.10 of the Sentencing Guidelines. U.S.S.G. §1B1.10 (Nov. 2011). *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).

No. 11-60418

Williams was not eligible for a reduced sentence and did not reach the second step.[2]

Williams pleaded guilty to one count of conspiring to possess with intent to distribute cocaine hydrochloride and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The base offense level in a drug possession case is determined by consulting §2D1.1(c)'s Drug Quantity Table, which indicates the base offense level for different quantities of various types of drugs. The Guidelines require consideration of more than just the drug quantities involved in the immediate conduct.  Also considered are drug quantities involved in "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,"[3] and quantities involved in all of the defendant's acts and any reasonably foreseeable acts of others that were "part of the same course of conduct or common scheme or plan as the offense of conviction." [4] *United States v. Booker*, 334 F.3d 406, 414, 414 n.4 (5th Cir. 2003).  "Conversion of powder cocaine to crack cocaine for sentencing purposes is permissible if such conversion was foreseeable to the defendant." *Booker*, 334 F.3d at 414.

Williams was sentenced on December 6, 2004. Under the Guidelines then in effect, a possession case involving multiple types of drugs requires converting the amount of each drug involved into its marijuana equivalent using the Drug Equivalency Tables found in the Commission's application notes for §2D1.1. U.S.S.G. §2D1.1, Application Note 10 (Nov. 2004).  The base offense level is then determined using the Drug Quantity Table's entries for marijuana.  One gram of cocaine base was equivalent to 20 kilograms of marijuana, making 1.5 kilograms of cocaine sufficient to trigger the maximum base offense level of 38.

---

[2] At the second step, the district court considers, in its discretion, a reduction in light of the sentencing factors listed in 18 U.S.C. § 3553(a).  *Dillon*, 130 S. Ct. at 2691.

[3] U.S.S.G. §1B1.3(a)(1)(B) (Nov. 2004); U.S.S.G. §1B1.3(a)(1)(B) (Nov. 2011).

[4] U.S.S.G. § 1B1.3(a)(2) (Nov. 2004); U.S.S.G. §1B1.3(a)(2) (Nov. 2011).

No. 11-60418

At the 2004 sentencing, the district judge adopted the Presentence Report ("PSR"), which states that Williams was responsible for more than 1.5 kilograms of cocaine base. The district court accordingly applied a base offense level of 38.

In 2007 and 2008, the Sentencing Commission added a modified procedure for mixed-drug cases involving cocaine base:

> (i) In General.–Except as provided in subdivision (ii), if the offense involves cocaine base ("crack") and one or more other controlled substance, determine the combined offense level as provided by subdivision (B) of this note, and reduce the combined offense level by 2 levels.

> (ii) Exceptions to th 2-level Reduction.–The 2-level reduction provided in subdivision (I) shall not apply in a case in which . . . the offense involved 4.5 kg or more, or less than 250 mg, of cocaine base . . . .

§2D1.1, Application Note 10 (D) (Nov. 2008).[5] This change was retroactively applicable.[6] So, Williams is eligible for a 2-level reduction of his base offense level only if he was responsible for less than 4.5 kilograms of cocaine base.[7]

The PSR explains that Williams's prosecution arose from the FBI's investigation of a group in Mississippi who were distributing cocaine and marijuana delivered from California by mail. PSR ¶ 21. After receiving the

---

[5] *See also* U.S.S.G. Supp. App. C, Amdt. 706 (effective Nov. 1, 2007); Amdt. 711 (effective Mar. 3, 2008); Amdt. 715 (effective May 1, 2008).

[6] Amendment 713 amended U.S.S.G. §1B1.10(c) such that amendments 706 and 711 are retroactively applicable. *See* U.S.S.G. Supp. App. C, Amdt. 713 (effective Mar. 3, 2008). Amendment 716 made changes to U.S.S.G. §1B1.10(c) such that amendment 715 is retroactive. *See* U.S.S.G. Supp. App. C, Amdt. 716 (effective May 1, 2008).

[7] During the pendency of this appeal, the Sentencing Commission made further changes to the Guidelines' treatment of cocaine-base quantities in mixed-drug offenses. *See* U.S.S.G. Supp. App. C, Amdt. 748 (effective Nov. 1, 2010); U.S.S.G. Amdt. 750, parts A, C (effective Nov. 1, 2011) (repromulgating without change §2D1.1 and §2D1.1, Application Note 10); *id.*, Amdt. 759 (effective Nov. 1, 2011) (amending §1B1.10(c) such that parts A and C of amendment 750 are retroactively applicable). We express no view regarding the implications of these amendments for Williams.

cocaine in powder form, Williams would convert it into cocaine base for retail distribution. ¶ 22.

A confidential informant and other participants in the conspiracy related more specific observations of Williams' involvement. PSR ¶¶ 22-38, 45. Controlled purchases from the informant and a quantity found at his/her residence involved a total of 136.5 grams of cocaine base. PSR ¶ 23. The informant also admitted to making other purchases from Williams during 2000 and 2002 involving 320 "ounces" of ten-to-twelve grams apiece, coming to between 3,200 and 3,840 grams. Local law enforcement conducted a controlled purchase of 3 grams of cocaine base from Williams himself. PSR ¶ 25. Another of Williams's purchasers, Joseph Long, told the government that he purchased 20 twelve-to-twenty gram "ounces" from Williams (a total of between 240 and 400 grams). *Id.*, ¶ 39. Long also recalled purchasing additional cocaine base seven to eight times per year in 2002 and 2003, "at between 10 to 20 grams of cocaine base per deal" (between 140 and 320 grams). And on other occasions, Long sold Williams between 15 and 20 cocaine-base "ounces" of twelve-to-twenty grams apiece (180 and 400 grams).

The above transactions involved a total of between 3,896.5 and 5,096.5 grams of cocaine base. Moreover, the PSR also related accounts of Williams's possessing or receiving cocaine powder for conversion into cocaine base. According to Long, Williams said he would convert a kilogram of powder cocaine into 120 twelve-to-twenty gram "ounces" of cocaine base, which comes to between 1,440 and 2,400 grams. Long told the government that he once sold Williams 500 grams of powder cocaine (which would convert to between 720 and 1200 grams of cocaine base). The informant also told the FBI that he observed Williams converting powder cocaine to cocaine base. PSR ¶ 24. On one occasion the informant observed Williams with a bag of white powder that Williams said was a kilogram of cocaine. That kilogram converts to between 1,440 to 2,400 grams

of cocaine base, though only 1,303.5 to 2,263.5 should be counted if the 136.5 grams that the FBI later purchased and seized from the informant came from the kilogram of powder cocaine the informant observed in Williams's possession. Another member of the group, Dewan Johnson, received a controlled delivery of 1,020 grams of cocaine powder, which converts to between 1,468.8 and 2,448 grams of cocaine base.

All told, the dealings related in the PSR indicate that the offense of conviction was part of a common scheme in which Williams's conduct and the reasonably foreseeable acts of others involved at least 7.3 kilograms of cocaine base, more than the 4.5 kilogram level in force on the date of the district court's judgment.

AFFIRMED.

Judge Graves concurs in the judgment only.