# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20546
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

J. MATILDE BARRIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-111-6

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

J. Matilde Barrios, federal prisoner # 62104-079, appeals the denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2). We review the district court's denial of the § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Barrios contends that the district court should have granted a reduction in sentence to prevent unwarranted sentencing disparities among him and his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

more culpable codefendants.  He indicates that, because he was a non-essential participant in the offense of conviction, he was entitled to a sentence reduction under Amendment 794 to the Sentencing Guidelines.

In his § 3582(c)(2) motion, Barrios did not mention a specific amendment underlying his request for a sentence reduction.  He cites Amendment 794 for the first time on appeal.  We generally will not consider theories of relief raised originally on appeal absent exceptional circumstances.  *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  In any event, the district court was not authorized to grant a reduction based on Amendment 794 because that amendment is not listed in U.S.S.G. § 1B1.10(d).  *See Dillon v. United States*, 560 U.S. 817, 826 (2010); *see also United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).  Barrios's claim that Amendment 794 constitutes a clarifying amendment that can be applied retroactively is unavailing.  *See United States v. Sanchez-Villareal*, 857 F.3d 714, 719-21 (5th Cir. 2017).

Barrios also suggests that the district court erred by finding that he was not entitled to a reduction based on the 18 U.S.C. § 3553(a) sentencing factors.  However, a district court will consider whether a reduction is merited based on the § 3553(a) factors only if it first concludes that a reduction is authorized and consistent with § 1B1.10.  *See Dillon*, 560 U.S. at 826-27.  A sentence reduction is authorized if the guidelines range applicable to a prisoner subsequently has been lowered based on an amendment to the Guidelines listed in § 1B1.10(d). § 1B1.10(a)(1).  Barrios has failed to identify such an amendment, and, thus, the district court was not required to consider the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826.

Therefore, the district court did not abuse its discretion in denying relief. *See Evans*, 587 F.3d at 672.  Accordingly, the judgment of the district court is AFFIRMED.