# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11593
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELISA ZUNIGA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-221-2

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Melisa Zuniga, federal prisoner # 47145-177, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence based on Amendment 794 of the Guidelines. She argues that the amendment is a clarifying amendment and should be applied retroactively.

This court reviews de novo whether a district court has authority to reduce a sentence under § 3582(c)(2). *United States v. Jones*, 596 F.3d 273, 276

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11593

(5th Cir. 2010). Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in U.S.S.G. § 1B1.10(d). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as an amendment for which a sentence reduction under § 3582(c)(2) may be granted. *See* § 1B1.10(d). Therefore, the district court did not err in determining that it did not have the authority to reduce Zuniga's sentence based on Amendment 794. *See Jones*, 596 F.3d at 276; *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

    AFFIRMED.