# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-41199
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERVANDO GUERRERO, JR., also known as Mariachi,

Defendant-Appellant

—————————

Appeal from the United States District Court
for the Southern District of Texas

—————————

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Servando Guerrero, Jr., federal prisoner # 48820-179, was convicted of conspiracy to possess with intent to distribute methamphetamine and sentenced to 174 months' imprisonment.  After the United States Sentencing Commission's Amendment 782 reduced the applicable Guidelines range for certain drug offenses, the district court modified Guerrero's term of imprisonment, reducing it to 168 months.

More recently, the Sentencing Commission issued Amendment 794, supplementing the commentary to the Guidelines § 3B1.2, which provides when, and by how much, a district court should decrease a defendant's offense level for the defendant's "minimal" or "minor" role in committing the offense.

No. 16-41199

*See United States v. Sanchez-Villarreal*, 857 F.3d 714, 719 (5th Cir. 2017). Guerrero then asked the district to reduce his sentence further according to Amendment 794. The district court denied his motion, finding Guerrero ineligible for any reduction. Guerrero now appeals, seeking to proceed *in forma pauperis*, or "IFP."

The district court determined that, under 28 U.S.C. § 1915(a)(3), Guerrero was not appealing "in good faith." In other words, the district court determined that his appeal was frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) ("'Good faith' is demonstrated when a party seeks appellate review of any issue 'not frivolous'"). By moving to proceed IFP in this court, Guerrero challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard*, 707 F.2d at 220 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).

District courts may reduce a defendant's term of imprisonment if his sentence was "based on a sentencing [guidelines] range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This modification of a defendant's sentence proceeds in two parts. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). First, the district court must determine the defendant's eligibility for a reduction according to Guidelines § 1B1.10. *Id.* at 827. Second, the district court considers the sentencing factors listed in 18 U.S.C. § 3553(a) to determine whether, in the district court's discretion, a reduction "is warranted in whole or in part under the particular circumstances of the case." *Id.*

In this case, Guerrero fails to show that the district court erred at the first step. Guidelines § 1B1.10 provides that a defendant is eligible for a

No. 16-41199

sentencing reduction under § 3582(c)(2) only if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment . . . *listed in subsection (d)* [of § 1B1.10.]"  U.S.S.G. §1 B1.10(a)(1) (2016) (emphasis added).    Subsection (d) of § 1B1.10 (titled "Covered Amendments") does not list Amendment 794.  Because Amendment 794 is not listed in § 1B1.10(d), the district court correctly determined that this amendment does not make Guerrero eligible for any sentencing reduction.  *See, e.g.*, *United States v. Zuniga*, __ F. App'x __, 2017 WL 2180956, at \*1 (5th Cir. May 16, 2017) (unpublished).

Accordingly, Guerrero's appeal does not involve any "legal points arguable on their merits," *Howard*, 707 F.2d at 220, and we DENY his motion to proceed IFP and DISMISS his appeal as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.