# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40996
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD HERMINIO GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1404-1

Before DENNIS, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Richard Herminio Garcia, federal prisoner # 29716-380, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 794 to the Sentencing Guidelines. By moving to proceed IFP, Garcia is challenging the district court's certification that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40996

Cir. 1997).   Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court denied Garcia's § 3582(c)(2) motion on the ground that Amendment 794 is not listed in U.S.S.G. § 1B1.10(d), p.s., and therefore is not retroactively applicable for purposes of § 3582(c)(2).   Garcia acknowledges that Amendment 794 is not listed in § 1B1.10(d), p.s.   However, citing *United States v. Sanchez-Villarreal*, 857 F.3d 714 (5th Cir. 2017), he argues that Amendment 794 is retroactively applicable as a clarifying amendment.

*Sanchez-Villarreal* is distinguishable because it concerned a direct appeal.   *See Sanchez-Villarreal*, 857 F.3d at 719-21.   This court may consider a clarifying amendment on direct appeal, but neither this court nor the district court addressing a § 3582(c)(2) motion may consider an amendment that is not listed in § 1B1.10(d), p.s.   *See United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).   Because Amendment 794 is not listed in § 1B1.10(d), p.s., the district court correctly denied Garcia's § 3582(c)(2) motion.   *See United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017).

Garcia has not demonstrated a nonfrivolous issue for appeal.   *See id.*; *Howard*, 707 F.2d at 220.   Accordingly, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous.   *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.