# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 19-50842

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2020

Lyle W. Cayce
Clerk

KRISS R. CAMP,

      Plaintiff - Appellant

v.

KENNETH M. PUTNAM, Warden; LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; JUSTIN WADE, Security Major; DIANE JUARDO, Food Service Manager; GLORIA MORALES, Food Service Manager; APRIL MACIAS, Food Service Manager; ROBERT ALMANZA, Assistant Warden,

      Defendants - Appellees

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CV-20

_____

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM: [*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50842

Following the district court's denial of his motion for reconsideration, Kriss Camp, an inmate at the James Lynaugh Unit in Fort Stockton, has filed a motion to proceed *in forma pauperis* (IFP) on appeal and challenges the district court's certification that his appeal is not taken in good faith. Because we find Camp's appeal meritorious, we overturn the district court's certification, reverse in part, and remand for reconsideration.

I.

The district court initially granted Camp's motion to proceed IFP in his 42 U.S.C. § 1983 suit against prison officials and the Director of the Texas Department of Criminal Justice, but it later revoked that status following a motion by the defendants. The district court determined that Camp was not entitled to IFP status because (1) at least three of Camp's prior civil actions had been dismissed as frivolous, malicious, or for failure to state a claim; and (2) Camp did not show he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). And, accordingly, the district court dismissed Camp's case without prejudice.[1] Camp filed a timely motion for reconsideration of the district court's revocation of his IFP status and dismissal of his case, which the district court denied. Camp then filed a notice of appeal from the district court's denial of his motion for reconsideration and requested leave to proceed IFP on appeal. The district court also denied this request, certifying that his appeal has not been taken in "good faith." Camp now moves this court for leave to proceed IFP on appeal.

---

[1] The district court informed Camp that, because his IFP status was revoked, his case was also "dismissed without prejudice," but that Camp had the "right to reopen the case within 30 days by filing a motion to reopen along with paying the full $400.00 filing fee at the same time." If the 30 days elapsed without motion and payment, Camp would "be required to file an entirely new lawsuit."

No. 19-50842

## II.

Because Camp's motion for leave to proceed IFP on appeal follows the district court's certification that Camp's appeal is not taken in good faith, we treat his motion as a challenge to the certification, which we review for error. *See Baugh v. Taylor*, 117 F.3d 197, 199–202 (5th Cir. 1997). Camp's IFP "motion must be directed solely to the trial court's reasons for the certification decision." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). And our "inquiry into good faith is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Guerrero*, 870 F3d 395, 396 (5th Cir. 2017) (internal quotations omitted).

Camp's appeal, for which he moved for IFP status, challenges the district court's denial of his Rule 59(e) motion for reconsideration. So, to determine whether the district court's certification was in error, we must determine whether there is a legal argument that the district court abused its discretion in issuing its denial. *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997). As long as the district court's decision was "reasonable," there is no argument that it abused its discretion. *See Midland West Corp. v. F.D.I.C.*, 911 F.2d 1141, 1145 (5th Cir. 1990) ("[W]e hold that the standard of review for denial of a Rule 59(e) motion is abuse of discretion. Under this standard, the district court's decision and decision-making process need only be reasonable."); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993) (same).

## III.

Camp's appeal to this court is not entirely frivolous, despite the district court's certification to the contrary. In his Rule 59(e) motion to reconsider, Camp asked the district court to reassess its findings that Camp (1) had, on three or more occasions, filed claims that were dismissed as frivolous, malicious, or for failure to state a claim; and (2) is not in imminent danger of

serious physical injury. But the district court declined this request, concluding that reconsideration was not warranted because Camp had not satisfied the "high threshold" set forth by Rule 59(e). Rule 59(e) requires a movant seeking the alteration or amendment of a judgment to "clearly establish either a manifest error of law or fact or present newly discovered evidence"; the movant may not use the motion "to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azuric Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (internal quotation omitted).

Camp first argued that he did not have three prior strikes against him for filing frivolous claims, which the district court rejected. In a separate appeal recently filed by Camp, we found that Camp does have at least three prior strikes for filing frivolous claims and is not entitled to IFP status absent a showing of imminent danger of serious physical injury. *See generally Camp v. McGill*, 789 F. App'x 449 (5th Cir. 2020). The district court was, therefore, correct in its strike calculation, and there is no meritorious argument that the district court abused its discretion on this point.

Camp also argued that reconsideration was warranted in light of the imminent danger of serious physical injury he faces. The district court rejected this argument in a footnote, concluding that Camp's "allegations of imminent danger are really nothing more than 'legal conclusion' and '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" But a review of Camp's motion for reconsideration reveals detailed, fact-specific allegations of unsanitary living conditions and harms that Camp and fellow inmates have already endured, as well as allegations that he is in imminent danger of contracting deadly diseases as a result of the defendants' actions. Because Camp offered more than "threadbare recitals of the elements of a cause of action," there is a meritorious argument

No. 19-50842

that the district court was unreasonable, and therefore abused its discretion, in rejecting his motion for reconsideration on this issue. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The district court erred in certifying Camp's appeal as frivolous.

IV.

Because determining whether the district court erred in making its certification is entangled with the merits of Camp's underlying appeal, which we've concluded is nonfrivolous, we may also resolve his appeal. *Baugh*, 117 F.3d at 202.

As we've said, Camp has a colorable argument that the district court abused its discretion in denying his motion for reconsideration. But having a meritorious argument and having a winning argument are not synonymous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (noting that a good faith claim "does not require that probable success be shown"); *Latiolais v. Huntington Ingalls, Inc.*, ___ F.3d ___, 2020 WL 878930, at *7 (5th Cir. 2020). The question on appeal is whether the district court actually did abuse its discretion in denying Camp's motion for reconsideration.

Construing Camp's Rule 59(e) motion for reconsideration liberally, as we must, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Camp argues that the district court made a manifest error of law in revoking his IFP status because he is in imminent danger of serious physical injury. And, therefore, he believes, the court should alter or amend its judgment to reinstate his IFP status. To support his claim, Camp provides specific allegations of unsanitary living

No. 19-50842

conditions, food contamination, and chronic illness.[2] Yet, the district court concluded that reconsideration was not necessary because Camp offered mere conclusions and threadbare allegations regarding the imminent danger of serious physical injury. In light of the detailed factual allegations provided by Camp, well beyond "mere conclusions," the district court's conclusion was unreasonable. *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Instead of summarily dismissing Camp's claim of imminent danger of serious physical injury, the court should have engaged in an analysis to determine whether Camp's allegations satisfy this standard. *See, e.g.*, *Leal v. McHugh*, 731 F.3d 405, 413–16 (5th Cir. 2013) (reversing and remanding where district court incorrectly dismissed factual assertions as "bare allegations"); *E.E.O.C. v. J.M. Huber Corp.*, 927 F.2d 1322, 1330 (5th Cir. 1991) (same). Because it failed to do so, the district court abused its discretion.

## V.

Camp did not file a frivolous appeal in this case, and the district court erred in certifying otherwise. It further abused its discretion in dismissing Camp's allegations of imminent danger of physical injury as conclusory. We, therefore, OVERTURN the district court's certification, REVERSE, in part, its order on Camp's motion for reconsideration, and REMAND for the district

---

[2] For instance, Camp alleges that he is in imminent danger because the living conditions have caused him and others to develop: blurred vision, allergies (causing runny nose, throat irritation, and cough), ear infections, fungal infections, staph infections, and cold and flu symptoms. Camp further alleges that the living conditions put him at imminent risk for contracting nasal infections, which "would progress to nasal and throat and lung fungal infections." Additionally, he claims that the kitchen mixes spoiled food with new food, contaminating the entire meal and creating the risk of contracting salmonella and food poisoning. Because salmonella and food poisoning can be life-threatening illnesses, Camp asserts that he is in imminent danger of serious physical injury.

court to determine whether Camp is under imminent danger of serious physical injury so as to warrant IFP status.[3]

---

[3] Whether Camp's motion to proceed IFP on appeal should be granted also depends on whether he is under an imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). We therefore reserve our ruling on this matter until after the district court issues its revised order.