# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-11182
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSUE CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-271-10

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Josue Cruz, federal prisoner # 50704-177, pleaded guilty to conspiracy to possess with intent to distribute a controlled substance and was sentenced to 135 months of imprisonment, four years of supervised release, and a $100 special assessment. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Sentencing Guidelines Amendment 794. *See* U.S.S.G. app. C, amend. 794 (Supp. Nov. 1, 2015). He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11182

contends that he was entitled to a minor role reduction under Amendment 794 because he played an insignificant role in the conspiracy, he had little decision-making authority, he did not gain much financially from the transaction, and according to the Presentence Report, he was not an organizer, leader, manager, or supervisor.

Amendment 794, which became effective on November 1, 2015, revised the commentary to U.S.S.G. § 3B1.2 by adding a nonexhaustive list of factors to be considered in determining whether a defendant is entitled to a minor or minimal role offense level reduction. *See United States v. Gomez-Valle*, 828 F.3d 324, 328-29 & n.17 (5th Cir. 2016) (citing U.S.S.G. app. C, amend. 794, at 116-18 (Supp. Nov. 1, 2015)); *see also* § 3B1.2, comment. (n.3(C)(i)-(v)).  It is not listed in U.S.S.G. § 1B1.10(d), p.s., and, therefore, it is not retroactively applicable for purposes of § 3582(c)(2).  *See* § 1B1.10(d).  The district court also correctly noted that Amendment 794 was already in effect at the time of Cruz's sentencing in 2016.  Therefore, the district court did not abuse its discretion in denying Cruz's § 3582(c)(2) motion.  *See United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017).

AFFIRMED.