# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2021

Lyle W. Cayce
Clerk

No. 20-50310
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID JOHN HAMMEREN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-483-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

David John Hammeren, federal prisoner # 78961-280, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 210-month sentence for receipt of child pornography. Hammeren sought a

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

modification of his sentence based on Amendment 801 to the Sentencing Guidelines.

Hammeren argues that Amendment 801 is retroactively applicable because it is a clarifying amendment, as opposed to a substantial amendment. Generally, a court "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). However, when the Sentencing Commission makes a guidelines amendment retroactive, § 3582(c)(2) "authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* This court reviews a district court's decision to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996).

Under U.S.S.G. § 1B1.10, a defendant is eligible for a sentencing reduction pursuant to § 3582(c)(2) only if the guideline range applicable to the defendant has subsequently been lowered as the result of one of the retroactive amendments listed in subsection (d) of § 1B1.10. *United States v. Guerrero*, 870 F.3d 395, 396 (5th Cir. 2017). Amendment 801 is not expressly listed in § 1B1.10(d). *See* § 1B1.10(d). Thus, Amendment 801 does not make Hammeren eligible for a sentencing reduction. *See Guerrero*, 870 F.3d at 396. "Only on direct appeal" has this court considered the effect of "a 'clarifying' amendment not in effect at the time the offense was committed." *Drath*, 89 F.3d at 217.

In light of the foregoing, the district court did not abuse its discretion in denying Hammeren's motion for resentencing. *See id.* at 218. Accordingly, the judgment of the district court is AFFIRMED.